**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

TANEKA GOODRICH, on behalf of
herself and others similarly situated,

      Plaintiff,

v.                                                                 CASE NO.: 4:16-cv-00468-RH-CAS

XEROX BUSINESS SERVICES, LLC,
A Foreign Limited Liability Company,

      Defendant.

_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, TANEKA GOODRICH ("Plaintiff"), hereby sues the defendant, XEROX BUSINESS SERVICES, LLC ("Defendant"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1.     This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2.     Venue is proper within the Northern District of Florida because a substantial part of the events giving rise to this claim arose here.

3.     At all times material, Defendant, XEROX BUSINESS SERVICES, LLC, was/is a Foreign Limited Liability Company authorized to conduct business in the State of Florida, with an office located at 2324 Killearn Center Blvd., Tallahassee, FL 32308.

4.     This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants as "Customer Service Supervisors."

1

## GENERAL ALLEGATIONS

5.  Defendant contracts with the Federal Government to operate a call center at 2324 Killearn Center Blvd., Tallahassee, FL 32308 to handle incoming calls regarding Medicaid claims.

6.  Defendant is an employer as defined by Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq*. ("FLSA") and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. ("FMLA").

7.  At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8.  Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant.

9.  Plaintiff was employed by Defendant from November 2012 through May 10, 2016 as a "customer service supervisor."

10.  Plaintiff and others similarly situated were employees of Defendant under the FLSA, but were misclassified by Defendant as exempt.

11.  Defendant failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

12.  The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

13.     Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

14.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

**COUNT I**
**OVERTIME – FLSA**

15.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 14 as if fully restated herein.

16.     During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

17.     Defendant's failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

18.     Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.  For example, Defendant intentionally forces employees to sign agreements in which they purport to waive their rights to pursue class or collective actions in order to avoid the reach of federal and state wage and hour laws, in violation of the National Labor Relations Act and the Norris LaGuardia Act.

**WHEREFORE**, Plaintiff, TANEKA GOODRICH, respectfully requests, on behalf of herself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and

costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 30th day of August, 2016.

Respectfully submitted,
WHITTEL & MELTON, LLC
/s/Jay P. Lechner_____
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
   Pleadings@theFLlawfirm.com
   lechnerj@theFLlawfirm.com
   shelley@theFLlawfirm.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing via electronic mail to all counsel of record.

*/s/ Jay P. Lechner*
*Attorney*

4